UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON
(Portland Division)

| | |
|---|---|
| In re:<br><br>GREEN MART, LLC,<br>Debtor(s). | Bankruptcy Case No. 24-32481-thp<br><br>Chapter 7 |
| TERRY WILSON, solely in his capacity as Assignee of the Bankruptcy Estate of Green Mart, LLC<br>Plaintiff,<br>v.<br><br>DOUGLAS LANPHERE, Individually, et al., Defendant. | Adversary Case No. 26-03020-thp<br><br>MOTION TO VACATE CLERK'S ENTRY OF DEFAULT; DECLARATION OF DOUGLAS LANPHERE |

## DEFENDANT'S MOTION TO VACATE CLERK'S ENTRY OF DEFAULT

Defendant Douglas Lanphere ("Defendant"), Pro Se, respectfully moves this Court pursuant to Federal Rule of Bankruptcy Procedure 7055 and Federal Rule of Civil Procedure 55(c) for an Order setting aside the Clerk's Entry of Default entered on August 5, 2026.

## I. MEMORANDUM OF POINTS AND AUTHORITIES

Under FRCP 55(c) (made applicable by FRBP 7055), the Court may set aside an entry of default "for good cause." The Ninth Circuit disfavors defaults and strongly prefers deciding cases on their merits. See United States v. Signed Personal Check No. 730, 615 F.3d 1085, 1091 (9th Cir. 2010). Good cause exists here under the three Ninth Circuit factors:

1. Absence of Culpable Conduct: Defendant's failure to file a timely responsive pleading was not intentional, in bad faith, or designed to manipulate judicial processes. Defendant was undergoing surgical procedure and filed for an Extension of Time to Respond. No response was received by the Defendant during recovery/recuperation from surgery that was performed on June 22, 2026. The first notice Defendant received was on August 10, 2026 reflecting a request by the Plaintiff for a Request for Entry of Default. Defendant is not familiar with the local rules governing adversarial filing deadlines or requirements. While under prescribed post-operative narcotic pain management and physician-directed bed rest, Defendant was legally

and physically prevented from preparing formal pleadings or comprehending complex legal and filing requirements.

2. Meritorious Defense: Defendant maintains viable, meritorious defenses to Plaintiff's claims, as detailed in the attached Proposed Answer (Exhibit A).

3. Absence of Prejudice: Vacating the default will not prejudice Plaintiff, as this proceeding remains in its initial stages, and no trial date or prejudice to evidence has occurred.

WHEREFORE, Defendant Douglas Lanphere prays that the Court issue an Order vacating the Clerk's Entry of Default and authorizing Defendant to file the attached Proposed Answer within seven (7) days of entry of the Order.

CERTIFICATE OF CONFERRAL

Pursuant to LBR 7007-1, I certify that on August 17, 2026, I made a good-faith effort to confer with Plaintiff's counsel via email regarding a voluntary withdrawal or stipulation to set aside the Request for Clerk's Entry of Default. As of the time of filing this Motion, Plaintiff's counsel has failed to respond or engage in conferral discussions regarding this matter. Because Plaintiff's counsel did not respond to my conferral request, the parties were unable to reach an agreement, necessitating the filing of this Motion. A true and correct copy of this communication is attached as **Exhibit B.**

Executed this 17th day of August, 2026

______________________________

Douglas Lanphere, Defendant

## DECLARATION OF DOUGLAS LANPHERE IN SUPPORT OF MOTION

I, Douglas Lanphere, declare under penalty of perjury as follows:

1. I am the Defendant in the above-captioned adversary proceeding.

2. The Clerk entered default against me on August 5, 2026.

3. My failure to respond timely to the summons and complaint was due to incapacity due to medical impairment and surgery that was performed on June 22, 2026. I was under prescribed post-operative narcotic medications for pain management and physician-directed bed rest, which legally and physically prevented me from preparing formal pleadings and comprehension of the complicated legal issues presented in the First Amended Adversarial Complaint.

4. Upon discovering the entry of default on August 10, 2026, I acted with reasonable diligence to retain legal counsel. After no less than a dozen contacts with Bankruptcy Attorneys I could not immediately locate an attorney without non waivable conflicts. After diligent search for counsel I drafted this motion immediately in Pro Se.

5. I have meritorious defenses to the allegations in the complaint, set forth in detail in the attached Response to First Amended Complaint; Exhibit A.

6. I have conferred with Plaintiff's Counsel. I have requested a voluntary withdrawal of the Request for Clerk's Default. They have either failed to respond before the filing this declaration or denied my request. The email requesting the voluntary withdrawal is attached to this motion as Exhibit B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of August, 2026 at Lake Elsinore, California.

______________________________

Douglas Lanphere, Defendant Pro Se
P.O. Box 321
Lake Elsinore, CA 92531-0321
(503) 551-3501
Email: hughmahn@me.com

Exhibit A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON
(Portland Division)

| | |
|---|---|
| In re:<br><br>GREEN MART, LLC,<br>Debtor(s). | Bankruptcy Case No. 24-32481-thp<br><br>Chapter 7 |
| TERRY WILSON, solely in his capacity as Assignee of the Bankruptcy Estate of Green Mart, LLC<br>Plaintiff,<br>v.<br><br>DOUGLAS LANPHERE, Individually, et al., Defendant. | Adversary Case No. 26-03020-thp<br><br>ANSWER TO FIRST AMENDED COMPLAINT BY DOUGLAS LANPHERE, INDIVIDUALLY |

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Douglas Lanphere ("Defendant"), representing himself in Pro Se hereby respond to the First Amended Complaint filed by Plaintiff Terry Wilson as follows:

I. ADMISSIONS AND DENIALS

1. Paragraphs 81-85; Defendant denies Fraudulent Transfers - Actual Fraud. Defendant denies the allegation in Paragraph 81-85. Defendant denies there were fraudulent transfers performed of Assets.

2. Paragraphs 86-89; Defendant denies Fraudulent Transfers - Constructive Fraud. Defendant denies the allegations in Paragraphs 86-89. There were no fraudulent transfers performed of Assets. Defendant denies that Debtor did receive less than a reasonable equivalent value in exchange for any transfer.

3. Paragraphs 90-94; Defendant denies Fraudulent Transfers Under State Law. Defendant denies the allegations in Paragraphs 90-94.Defendant denies there were any transfers made to hinder, delay, or defraud the creditors.

4. Paragraphs 95-99; Defendant denies the Value of Fraudulent Transfers Under State Law. Defendant denies the allegations in Paragraphs 95-99. Defendant denies that there were any debtors that were deprived a reasonable equivalent value in exchange as there were no transfers performed.

5. Paragraphs100-105; Defendant denies Avoidance of Unauthorized Post-Petition Transactions. Defendant denies the allegations in Paragraphs 100-105.Defendant denies there were any "Back-Office Entities. "Any alleged Back-Office Entities were engaged to perform employee payroll or other payments of financial obligations functions for the Debtor.

6. Paragraphs 106-112; Defendant denies Recovery of Avoided Transfers. Defendant denies the allegations in Paragraphs 106-112. Defendant denies any revenues were transferred to the alleged Back-Office Entities. Any transfers were purely a function of that of meeting employee payroll or other payment obligations. These actions did not constitute a fraudulent transfer of assets, but was a function of meeting employee payroll or other payment obligations.

7. Paragraphs 113-115; Defendant denies Alter Ego/Successor Liability. All actions and decisions were formalized/documented in Company Resolutions and devoid of Alter Ego allegations. Defendant denies the allegations in Paragraphs 113-115. Defendant alleges that the arbitrator allowed for the entities to be dissolved in his decision. That is what the entities did; dissolve.

8. Paragraphs 116-117; Defendant denies having possession or control over the Estate. Defendant denies the allegations in Paragraphs 116-117. Defendant denies being in possession of any asset of the Debtor.

9. Paragraphs 118-119; Defendant denies Constructive Trust/Unjust Enrichment. Defendant has not received enrichment or Constructive Trust of any asset of the Trust. Defendant denies the allegations in Paragraphs 118-119. Defendant denies that Defendant has been unjustly enriched through any transfer of assets.

10. Paragraphs 120-122; Defendant does not have sufficient accounting for the financial affairs of the entities dissolved in 2024. Defendant denies the allegations in Paragraphs 120-122. Defendant denies assets of the Debtor have been commingled with those of the Defendant.

11. Paragraphs 123-125; Defendant denies Civil Conspiracy to Defraud. Defendant *denies the allegations in Paragraphs 123-125. Defendant denies that arrangements* were made with Stricklin, Jeffrey Arbon or Georgene Arbon to orchestrate a fraudulent transfer of the Debtor's assets to Successor Entities.

12. Paragraphs 126-130; Defendant denies aiding and abetting Fraudulent Transfers. Defendant denies the allegations in Paragraphs 126-130.

13. Paragraphs 131-136; Defendant denies the Piercing of Corporate Veil/Alter Ego. All actions taken by the organizations were performed through resolutions by the entities. Defendant denies the allegations in Paragraphs 131-136. Defendant denies having knowledge and control over Back-Office Entities. The alleged Back-Office

entities were controlled by insiders Karen Bunke and Melissa Clayton in the absence of Defendant. The only function of the alleged Back-Office Entities were to pay employees or meet financial obligations.

## II. AFFIRMATIVE DEFENSES

14. First Affirmative Defense; The Plaintiff's Claims are speculative and are without evidence to support the claims.

15. Second Affirmative Defense; Good Faith Transferee/Value Given; Asserting that any transfers received or give were in good faith and for value under 11U.S.C. § 548(c) or § 550(b).

16. Third Affirmative Defense: Ordinary Course of Business; if applicable to any pre-petition payments under 11 U.S.C. § 547(c)(2).

17. Fourth Affirmative Defense: Failure to State a Claim: Rule 12(b)(6) defense for claims lacking required specificity under Fed.R.Civ.P.9(b)(facade must be pled with particularity)

18. Fifth Affirmative Defense: The Plaintiff's Claims are barred by the applicable statute of limitation because the events alleged herein occurred more that two years prior to the filing of this Adversarial Complaint.

## III. PRAYER FOR RELIEF

1. Dismissal of Claims: That Plaintiff's First Amended Complaint, and each claim for relief asserted therein, be dismissed in its entirety with prejudice;

2. Judgement in Favor of Defendant: That judgment be entered in favor of Defendant on all claims for relief;

3 Denial of Plaintiff's Demands; That Plaintiff take nothing by way of the First Amended Complaint and that all requests for monetary, declaratory, or equitable relief against Defendant be denied in full.

4. Costs and Fees: That Defendant be awarded his costs, disbursements, and reasonable attorney fees incurred in defending this action, to the extent permitted by applicable law; and

5. General Relief; That the Court grant Defendant such other, further, or additional relief as the Court deems just, equitable, and proper.

Dated this 17th day of August, 2026.

Respectfully Submitted,

______________________________

Defendant Pro Se
P.O. Box 321
Lake Elsinore, CA 92531-0321
(503) 551-3501
Email: hughmahn@me.com

CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2026, I served a true and correct copy of the foregoing DEFENDANT ANSWER TO COMPLAINT on the Plaintiff's attorney of record by placing in the United States Mail, First-Class postage prepaid, addressed as follows:

Rose Law Firm, P.C.
5200 Meadows Road, Suite 150
Lake Oswego, OR 97035

____________________________________
Douglas Lanphere

**From:** **Douglas Lanphere** hughmahn@me.com
**Subject:** Green Mart, LLC
**Date:** August 17, 2026 at 8:28 AM
**To:** david@amanlawpdx.com, dsteinberg@rose-law.com
**Bcc:** Douglas Lanphere hughmahn@me.com, Andrew DeWeese andrew@andrewdeweese.com

GC

Exhibit B

Revised Letter to Counselors of Rose Law firm

Counselors,

I am contacting you both to meet and confer on the above-referenced bankruptcy matter.

As you know from filed a Motion for an Extension of Time to Respond. I filed with the Court on June 9, 2026, I have undergone surgery that I am still recovering and recuperating from. I asked the Court until August 24, 2026 to recover/recuperate enough to seek counsel and respond to the First Amended Complaint filed. As stated I am still recovering/recuperating from the surgery performed on June 22, 2026. I was under prescribed post-operative narcotic paid management and physician-directed bed rest, which legally and physically prevented me from preparing formal pleadings. I am still taking post-operative medications which may affect cognitive reasoning, rationalization and comprehension ability.

I wish to know your position on voluntarily removing your request to remove the Request for Clerk's Entry of Default in the above-referenced matter? I am prepared to file a Motion to Vacate the Request for Clerk's Entry of Default filed by the Plaintiff today if you will not voluntarily withdraw the request as you did for Andrew DeWeese in the default you sought for Herban Renewal, LLC and Platinum Parachute Holdings, LLC. Your office knew Andrew DeWeese represented those companies and failed to notify him of the filing of the Adversarial Complaint in the above-referenced case. I am asking for the same accommodation based on my Motion for an Extension of Time to Respond.

Bankruptcy Judges usually give a wide latitude and consideration

to Pro Se Defendants in such matters and motions. I only learned the past week that my motion for Extension of Time was denied, not on the merits, but on a local rule requiring me to meet and confer with your office on the Motion to Extend time, which I was unaware of in the brief period I had before my surgery scheduled for June 22, 2026 to file something with the court, with I did. I never heard anything in response to my filing. The next correspondence I received from the court was the Request for Clerk's Entry of Default.

I have sought counsel this past week, but a week has not been enough time to locate an attorney or firm that is not conflicted in these matters. I expect to secure counsel soon and then the matters can be litigated on the merits and facts, which a Court may be more likely to entertain than a Request for Clerk's Entry of Default that deprives a Pro Se Defendant the opportunity of having the merits of a case heard. In pursuit of the goal of pursuing the merits of the case I am asking for your cooperation in voluntarily removing your request for Default.

Good Cause exists as there was a medical emergency/incapacity, lack of willful default, and a meritorious defense. Setting the Request for Entry of Clerk's Default aside by stipulation saves both parties unnecessary motions and attorney's fees.

Please respond to me before noon today as there is a scheduled telephone conference scheduled for August 18, 2026 at 10:30am. I will want to file my motion before that telephone scheduled telephone conference.

Douglas Lanphere
503-551-3501

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON
(Portland Division)

| | |
|---|---|
| In re:<br><br>GREEN MART, LLC,<br>Debtor(s). | Bankruptcy Case No. 24-32481-thp<br><br>Chapter 7 |
| TERRY WILSON, solely in his capacity as Assignee of the Bankruptcy Estate of Green Mart, LLC<br>Plaintiff,<br>v.<br><br>DOUGLAS LANPHERE, Individually, et al., Defendant. | Adversary Case No. 26-03020-thp<br><br>[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO VACATE CLERK'S ENTRY OF DEFAULT |

THIS MATTER came before the Court on Defendant Douglas Lanphere Motion to Vacate Clerk's Entry of Default. The Court, having reviewed the Motion, Declaration, and records on file, and good cause appearing therefor:

IT IS HEREBY ORDERED:

1. Defendant Douglas Lanphere's Motion to Vacate Clerk's Entry of Default is GRANTED.

2. The Clerk's Entry of Default entered against Defendant Douglas Lanphere on August 5, 2026, is hereby VACATED and set aside.

3. Defendant Douglas Lanphere shall file and serve his Proposed Answer (Exhibit A) within seven (7) days of the entry of this Order.

________________________________