ROSE LAW FIRM, P.C.
Daniel Steinberg, OSB # 993690
5200 Meadows Rd. Suite #150
Lake Oswego, OR 97035
Telephone: 503.319.3494
E-Mail: dsteinberg@rose-law.com

AMAN LAW, LLC
David S. Aman, OSB # 962106
14705 SW Millikan Way
Beaverton, OR 97003
Telephone: 503.810.0850
E-Mail: david@amanlawpdx.com

*Attorneys for Terry Wilson*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREEN MART, LLC**;<br><br>Debtor,<br><br>**TERRY WILSON**, solely in his capacity as Assignee of the Bankruptcy Estate of Green Mart, LLC;<br><br>Plaintiff,<br><br>v.<br><br>**PLATINUM PARACHUTE HOLDINGS, LLC**; **HERBAN RENEWAL, LLC**; **ARBON ENTERPRISES, INC.** (d/b/a G M Dispensary or Green Martian Dispensary); **PERENNIAL OPERATIONS TECHNOLOGY, LLC**; **NW HIGH OCTANE, LLC**; **LEGACY CANNABIS DISTRIBUTION, LLC**; **ABIDE OPERATIONS, LLC**; **GOLDEN PARACHUTE HOLDINGS, LLC**; and **ALLIED PERSONNEL SERVICES, LLC**; | Case No. 24-32481-thp7<br><br>Chapter 7<br><br>Adversary Case No. 26-03020-thp<br><br>**DECLARATION OF DANIEL STEINBERG IN RESPONSE TO DEFENDANT DOUGLAS LANPHERE'S MOTION TO VACATE ENTRY OF DEFAULT** |

Defendants.

**DECLARATION**

I, Daniel Steinberg, declare as follows:

1. I am an attorney licensed to practice law in the State of Oregon. I am one of the attorneys for Plaintiff Terry Wilson ("**Plaintiff**" or "**Wilson**") in this adversary proceeding. I am over the age of eighteen and make this declaration based on my personal knowledge.
2. I submit this declaration in response to Defendant Douglas Lanphere's ("**Mr. Lanphere**") Motion to Vacate Clerk's Entry of Default and supporting declaration, filed August 17, 2026 (ECF No. 94), and in connection with the telephone hearing set for August 18, 2026, at 10:30 a.m. regarding Plaintiff's Request for Clerk's Entry of Default (ECF No. 68).
3. This declaration is submitted to place before the Court the recent written communications with Mr. Lanphere bearing on the Request for Clerk's Entry of Default.
4. On August 17, 2026, at 8:28 a.m., I received an email from Mr. Lanphere, addressed to me and to David Aman, stating that he wished to confer regarding Plaintiff's Request for Clerk's Entry of Default, requesting a response before noon that day, and stating that he intended to file his motion before the August 18, 2026 telephone conference.
5. At 12:34 p.m. that same day, I sent Mr. Lanphere an email setting out the conditions on which Plaintiff would agree to a stipulated order setting aside the default.
6. Mr. Lanphere filed his Motion to Vacate Clerk's Entry of Default and supporting declaration at 2:34 pm on August 17, 2026 (ECF No. 94).
7. At 3:50 p.m. that same day, Mr. Lanphere responded to my email. He did not provide a physician's letter, did not agree to any of the proposed conditions, and did not propose alternative terms.
8. Attached as **Exhibit 1** is a true and correct copy of the complete August 17, 2026, email correspondence described in paragraphs 4 through 7. Mr. Lanphere's same day filing and



ROSE LAW FIRM, P.C.
Attorneys at Law
5200 Meadows Road, Suite 150
Lake Oswego, OR 97035
Telephone: 503.278.7618 • Fax: 503.296.5827
Email: info@rose-law.com

conferral email does not constitute a meaningful effort to confer.

9. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: August 17, 2026

**ROSE LAW FIRM**

By: *__/s/ Daniel Steinberg__*
Daniel Steinberg, OSB #993690
5200 Meadows Rd. Suite #150
Lake Oswego, OR 97035
dsteinberg@rose-law.com

**Subject:** Re: [External]Green Mart, LLC
**Date:** Tuesday, 18 August 2026 at 3:50:00 AM Pakistan Standard Time
**From:** Douglas Lanphere
**To:** Daniel Steinberg
**Attachments:** image001.png

Mr. Steinberg,

I received your email today at 2:45 PM. Demanding a physician's letter by 5:00 PM the same day is physically impossible, as obtaining documentation from a medical provider requires advance scheduling.

I am currently under physician's orders for post-operative bed rest and prescribed recovery following surgery on June 22, 2026, with an additional procedure scheduled. While I am managing my physical recovery, requiring same-day legal stipulations and medical letters under a two-hour deadline is unreasonable.

I will inform the Court of my post-surgical recovery status and request appropriate scheduling accommodations during tomorrow's telephone conference on August 18, 2026, at 10:30 AM.

Cordially,
Douglas Lanphere

PS.
Do you have a clear plan for what specific accommodation or extension you want to ask the judge for during tomorrow's 10:30 AM call?

> On Aug 17, 2026, at 12:34 PM, Daniel Steinberg <dsteinberg@rose-law.com> wrote:
>
> Mr. Lanphere,
>
> Thank you for your email below that we received this morning.
>
> We are not withdrawing the Request for Clerk's Entry of Default unconditionally. However, if possible, we will consent to setting the default aside on the conditions below.
> I wrote, if possible, because your email also raises a problem that must be resolved before anything can be stipulated. You wrote that you are currently taking medications that may affect your cognitive reasoning and comprehension. If that is accurate, you cannot enter a binding stipulation, and we are unable negotiate with you. Accordingly, you need to choose one of two positions:

1. Confirm that you are presently capable of participating in this proceeding and provide us with a licensed physician's letter today before 5:00 pm affirming your competence. If so, we can negotiate a stipulated order that will bind both you and the plaintiff; or

2. You are not presently capable. If so, we cannot stipulate to anything, and you will need a court-appointed representative or conservator before you are able to participate in this proceeding.

If you and a physician confirm your competence, these are the conditions to be contained in a mutually stipulated order by which we would agree to set aside the default:

1. Service. You stipulate that service of the Complaint in this adversary proceeding, Green Mart, Case No. 26-03020, was proper and that all future filings in this adversary proceeding, the adversary proceeding with Green Oregon Enterprises as plaintiff, Case No. 26-0305, the main Green Mart main bankruptcy case, No. 24-32481-thp7, and the Green Oregon Enterprises main bankruptcy Case No. 24-31948) may be served on you by email to hughmahn@me.com, which shall be deemed personal service.

2. Addresses. You provide a current physical mailing address for service and a current physical address of your personal residence, with a means of verifying the residence. You keep the Court, counsel for Terry Wilson, and all parties notified of that address, and you give at least fourteen days' written notice before any change of address or any travel outside the United States lasting more than seven days.

3. Answer. You file your answer to the First Amended Complaint within fourteen calendar days of entry of the order setting aside the default, and you seek no further extension.

4. Deposition. You appear for physical deposition on a date certain on or before October 10, 2026, and you do not seek to postpone it on medical grounds absent a physician's statement.

5. Preservation. You preserve all documents, electronically stored information, devices, and accounts within your possession, custody, or control, including the hughmahn@me.com account and all QuickBooks files and financial institution portals for any entity you control. You do not delete, alter, or lose access to any of it.

6. Appearance. You appear personally, in person or by telephone or video if the Court permits, at the next scheduled hearing and at every hearing thereafter.

7. Counsel. You agree that your search for counsel does not extend any deadline in this stipulation or as set by the Oregon Bankruptcy court or court rules.

8. No admission and no fees. This stipulation is not an admission by any party. Each side bears its own fees and costs on the default and the set-aside, and Plaintiff reserves all rights and remedies.

Again, to proceed with negotiations to vacate your default, you must provide a letter from a licensed physician as outlined above and confirm your agreement to the terms and conditions in this letter by 4:00 PM today. If we have no written letter from such a licensed physician addressing the required points and also have not received your agreement to the terms and conditions in this letter by then, we will oppose any motion to vacate and will advise the court of your incapacity before the August 18, 2026 telephone conference.

Daniel Steinberg
Of Counsel
Licensed in Oregon and Washington

ROSE LAW FIRM
5200 Meadows Rd, Suite 150, Lake Oswego, OR 97035
Main: 503-278-7618
Direct: 503-908-6960
dsteinberg@rose-law.com
www.rose-law.com

* Notice: This e-mail (including attachments) is from a law firm, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received this communication in error, then delete it from your computer system and other devices. Thank you for your cooperation. *

---

**From:** Douglas Lanphere <hughmahn@me.com>
**Sent:** Monday, August 17, 2026 8:28 AM
**To:** David Aman <david@amanlawpdx.com>; Daniel Steinberg <dsteinberg@rose-law.com>
**Subject:** [External]Green Mart, LLC

Revised Letter to Counselors of Rose Law firm

Counselors,

I am contacting you both to meet and confer on the above-referenced bankruptcy matter.

As you know from filed a Motion for an Extension of Time to Respond. I filed with the Court on June 9, 2026, I have undergone surgery that I am still recovering and recuperating from. I asked the Court until August 24, 2026 to recover/recuperate enough to seek counsel and respond to the First Amended Complaint filed. As stated I am still recovering/recuperating from the surgery performed on June 22, 2026. I was under prescribed post-operative narcotic paid management and physician-directed bed rest, which legally and physically prevented me from preparing formal pleadings. I am still taking post-operative medications which may affect cognitive reasoning, rationalization and comprehension ability.

I wish to know your position on voluntarily removing

your request to remove the Request for Clerk's Entry of Default in the above-referenced matter? I am prepared to file a Motion to Vacate the Request for Clerk's Entry of Default filed by the Plaintiff today if you will not voluntarily withdraw the request as you did for Andrew DeWeese in the default you sought for Herban Renewal, LLC and Platinum Parachute Holdings, LLC. Your office knew Andrew DeWeese represented those companies and failed to notify him of the filing of the Adversarial Complaint in the above-referenced case. I am asking for the same accommodation based on my Motion for an Extension of Time to Respond.

Bankruptcy Judges usually give a wide latitude and consideration to Pro Se Defendants in such matters and motions. I only learned the past week that my motion for Extension of Time was denied, not on the merits, but on a local rule requiring me to meet and confer with your office on the Motion to Extend time, which I was unaware of in the brief period I had before my surgery scheduled for June 22, 2026 to file something with the court, with I did. I never heard anything in response to my filing. The next correspondence I received from the court was the Request for Clerk's Entry of Default.

I have sought counsel this past week, but a week has not been enough time to locate an attorney or firm that is not conflicted in these matters. I expect to secure counsel soon and then the matters can be litigated on the merits and facts, which a Court may be more likely to entertain than a Request for Clerk's Entry of Default that deprives a Pro Se Defendant the opportunity of having the merits of a case heard. In pursuit of the goal of pursuing the merits of the case I am asking for your cooperation in voluntarily removing your request for Default.

Good Cause exists as there was a medical emergency/incapacity, lack of willful default, and a meritorious defense. Setting the Request for Entry of Clerk's Default aside by stipulation saves both parties unnecessary motions and attorney's fees.

Please respond to me before noon today as there is a scheduled telephone conference scheduled for August 18, 2026 at 10:30am. I will want to file my motion before that telephone scheduled telephone conference.

Douglas Lanphere
503-551-3501